[No. 20217.    Department One.    March 31, 1927.]

JOHN E. WRIGHT et al., Respondents, v. O. M. COLLINS et al., Appellants.[1]

[1] FRAUD (22)—EVIDENCE—SUFFICIENCY.  A verdict for damages for fraudulent representations as to irrigation rights on lands traded to plaintiff is not sustained, where the plaintiff made a full investigation and it is very questionable whether the representations were made or relied on, and there was no clear, cogent and convincing testimony.

[2] COVENANTS (30)—AGAINST INCUMBRANCES.  Where a deed warrants the property free from all incumbrances the grantee may recover on the warranty to the amount of water assessments which were a lien on the property and paid by the grantee.

Appeal from a judgment of the superior court for Benton county, Truax, J., entered January 9, 1926, upon the verdict of a jury in favor of the plaintiffs, in an action for damages for breach of contract. Modified.

C. L. Holcomb and Tannahill & Leeper, for appellants.

M. M. Moulton and F. R. Jeffrey, for respondents.

[1]Reported in 254 Pac. 846.

MACKINTOSH, C. J.—In November, 1922, the respondents and the appellants exchanged farms and in April, 1925, the respondents swore to an amended complaint seeking damages against the appellants on four counts.

The first cause of action was one seeking to recover damages resulting from certain false statements alleged to have been made by the appellants in regard to water rights on the property which they were offering in exchange; the second cause of action was to recover for general taxes and water assessments which were due, at the time of the exchange, upon the property which they received and which the respondents were compelled to pay; the third cause of action was to recover for the alleged failure of title to certain personal property which the respondents claimed they were to have received in the exchange; and the fourth cause of action was to recover for furniture alleged to have been sold by the respondents to the appellants.

Prior to the filing of this amended complaint, the respondents had filed an original complaint which did not contain this first cause of action.

Upon a trial to a jury, a verdict was returned in favor of the respondents on the first, second and fourth causes of action and a verdict in favor of the appellants on the third cause of action. This appeal therefore involves only the three causes of action.

[1] The first cause of action was predicated upon misrepresentations which it was alleged the appellants made in regard to the property which they then owned. These representations, as alleged, related to the existence of a fully-paid-for water right. To recite the testimony in detail appearing upon this question, contained in a very voluminous record, would accomplish nothing of benefit, and it is sufficient to say that, bearing in mind the rule that fraud must be established by

clear and convincing proof, the testimony falls many degrees short of meeting that standard. Briefly summarizing it, it appears that the respondents were at the time the owners of an option to repurchase a farm which they had lost on a mortgage and the option had a very short time to live; that they were extremely anxious to save what they could out of the disaster and that their expectations for help were rather limited by reason of the fact that, in order to exercise the option, some $45,000 would have to be raised to pay off the owner; that the respondents were not ignorant and inexperienced persons, but were alert and intelligent; that they employed a real estate dealer to act for them and that he solicited the appellants to make an exchange for property which they owned; that after some effort, the respondents were encouraged to believe an exchange could be made; that they visited the appellants' property, where ample opportunity was given them to inspect it and they saw that it was irrigated land; they were acquainted with the fact that it was in an irrigation district, had with them at the time of the inspection their agent, interviewed local realtors, and generally were put in the way of acquiring all the information which it was necessary to have in order to determine whether they desired to receive the appellant's property in exchange for what they had. The exchange was made a few months thereafter. The representations which it is claimed that the appellants made can not be construed to have been false to the extent of amounting to fraud. It is very questionable whether the respondents even relied upon them; it is still more questionable whether the appellants knew any more in regard to the things represented than did the respondents; and it is very questionable whether the representations were made at all. Altogether the testimony is so meager that it is, as already indicated,

insufficient to justify a verdict of a jury which must be based upon clear, cogent and convincing testimony. The fact that in the original complaint the respondents made no allegation in regard to this alleged fraud is rather indicative of the fact that no fraud was actually perpetrated. For these reasons the recovery on the first cause of action must be denied.

[2] The second cause of action related to payments of taxes and water assessments. The deed given by the appellants to the respondents was a full warranty deed and warranted that the property was free from all incumbrances except the taxes for 1922. The jury eliminated the question of taxes and returned a verdict only for the water assessments which were found to have been due. The deed calling for the payment by the appellants of these assessments, the verdict in favor of the respondents therefore must be sustained.

In the fourth cause of action the recovery was for the value of household goods and furniture sold by the respondents to the appellants. The question of whether these obligations existed was a question of fact which was properly submitted to a jury and the verdict of that jury is conclusive.

For the reason that we fail to find sufficient evidence to warrant the judgment entered in the respondents' favor on the first cause of action, that judgment is modified to the extent of striking from it that item of damages, and is affirmed as to the second and fourth causes of action.

FRENCH, FULLERTON, MITCHELL, and MAIN, JJ., concur.